UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRINITY MARTINEZ, III | CIVIL ACTION |
| VERSUS | NO. 17-2510 |
| CARNIVAL CORPORATION | SECTION "L" (1) |

### ORDER & REASONS

Currently pending before the Court is Defendant's Motion to Transfer Venue. R. Doc. 8. Plaintiff does not oppose the motion. Having reviewed Defendant's motion and applicable law, the Court now issues this Order and Reasons.

### I.   BACKGROUND

This maritime personal injury case arises out of an alleged fall Plaintiff suffered while aboard one of Defendant's, Carnival Corporation, ("Carnival") cruise ships. R. Doc. 1 at 2-3. On April 7, 2016, Plaintiff Trinity Martinez, III, ("Martinez") a Louisiana citizen, was a passenger on Defendant's cruise ship, CARNIVAL TRIUMPH. *Id.* at 2. While aboard the ship, Plaintiff alleges that he slipped and fell on a puddle of water left on a tiled floor. *Id.* at 3. Plaintiff claims he fell backwards and hit his head on the ground. *Id*. Plaintiff alleges that he is still suffering and receiving treatment for his injuries. *Id.* at 5.

Plaintiff claims that Defendant breached its duty of care by failing to keep walkways dry, failing to warn that the walkway was hazardous when wet, failing to choose appropriate flooring material, failing to replace flooring material when it was found to be slippery when wet, and failing to monitor the walkway. *Id.* at 4.

In lieu of an answer, on May 22, 2017, Defendant filed a Motion to Transfer Venue. R. Doc. 8. Defendant argues that Plaintiff had notice of the clause because the terms and conditions, including the forum selection clause, were provided to Plaintiff via email. *Id.* at 3. Defendant further argues that Plaintiff accepted the term when his wife agreed on his behalf during the online check-in process. *Id.* Plaintiff does not oppose this motion. Defendant's motion to transfer venue seeks to enforce the forum selection clause in the ticket contract purchased by Plaintiff. R. Doc. 8 at 2. The clause states the following:

> [I]t is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the Unites States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

R. Doc. 8-3 at 14. Therefore, Defendant asks that the case be transferred to the United States District Court for the Southern District of Florida in Miami. R. Doc. 8 at 1-2.

## II. LAW AND ANALYSIS

First, the Court will determine whether the forum selection clause is valid and enforceable pursuant to the Supreme Court's analysis set out in *Carnival Cruises v. Shute*, 499 U.S. 585 (1991). Second, because the forum-selection clause is valid and enforceable, the Court will decide whether it is properly enforced through transfer pursuant to 28 U.S.C. § 1404(a).

This is a diversity suit filed in the Eastern District of Louisiana. R. Doc. 1 at 1. Defendant contends that the case can proceed only in the United States District Court for the Southern District of Florida. R. Doc. 8 at 1-2. In a diversity suit, a federal district court generally applies state law to substantive issues. However, "[f]ederal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases." *All. Health Grp., LLC v.*

*Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008); *Braspetro Oil Servs. Co. v. Modec (USA),* 240 Fed.Appx. 612, 615 (5th Cir. 2007) (unpublished); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013) )("federal law, specifically 28 U.S.C. §1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause.") (internal citations omitted).

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). In *Carnival Cruise Lines, Inc. v. Shute*, the United States Supreme Court held that the forum selection clause in Carnival's passenger ticket was valid and enforceable. 499 U.S. at 595. The Court relied on the fact that Carnival carries passengers from many different localities to determine Carnival had a valid reason to limit the fora where it could be subject to litigation. *Id.* at 593. In addition, the Court found the forum selection clause alleviated confusion in determining the correct forum and saved passengers money on fares due to Carnival's ability to limit the fora in which it may be sued. *Id.* at 593-94. The Court also noted that Plaintiff's agreement to the forum selection clause was not gained by fraud and Plaintiff did not argue lack of notice. *Id.* at 595. The Court held that because the forum selection clause in Carnival's ticket allowed for "judicial resolution of claims against petitioner and d[id] not purport to limit petitioner's liability for negligence, it d[id] not violate [46 U.S.C.] § 183c." *Id.* at 596-597.

As in *Carnival*, this case involves a forum selection clause in a passenger ticket. R. Doc. 8. The same factors in *Carnival* control here. Plaintiff does not claim he did not have notice of the clause nor does he argue that he would be burdened by litigating his claims in Florida. Therefore, under *Carnival*, the forum selection clause is enforceable. *See id.* at 595.

Next, the Court must address whether transfer of venue is proper under 28 U.S.C. § 1404(a) (2012). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2012). Further, the Supreme Court of the United States has stated that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in the clause." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. D. Of Tex.*, 134 S.Ct. 568, 581 (2013). Only in cases with extraordinary circumstances should the motion be denied. *Id.* In analyzing a motion to transfer in light of a valid forum selection clause the district court must place the burden of establishing that the transfer is unwarranted on Plaintiff and not consider the parties' private interests. Finally, transferring venue based on a forum selection clause will not carry the original venue's choice-of-law rules. *Id.* at 581-82.

Here, Defendant's Motion to Transfer Venue under 28 U.S.C 1404(a) is based on a valid forum selection clause. Plaintiff has not opposed Defendant's motion and has not asserted any extraordinary or burdening circumstances. Therefore, under the standard in *Atlantic*, the Court finds that this case should be transferred in accordance with the forum selection clause.

## IV.    CONCLUSION

Finding this motion is grounded in law and fact, **IT IS ORDERED** that Defendant's Motion to Transfer Venue, R. Doc. 8 is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the Southern District of Florida.

New Orleans, Louisiana, this 19th day of June, 2017.

_____
UNITED STATES DISTRICT JUDGE